NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RONALD R. RANDALL,**
*Petitioner*

**v.**

**DEPARTMENT OF THE AIR FORCE,**
*Respondent*

---

2024-2303

---

Petition for review of the Merit Systems Protection Board in No. CH-0752-18-0484-I-1.

---

Decided: April 8, 2025

---

RONALD RAY RANDALL, Fowler, OH, pro se.

ANNE DELMARE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BRIAN M. BOYNTON, PATRICIA M. MCCARTHY, LOREN MISHA PREHEIM.

---

PER CURIAM.

Ronald R. Randall petitions pro se for review of a final order of the Merit Systems Protection Board ("Board") affirming his termination from the Department of the Air Force.  See *Randall v. Dep't of the Air Force*, No. CH-0752-18-0484-I-1, 2024 WL 3887264 (M.S.P.B. Aug. 20, 2024).  We *affirm*.

I

Mr. Randall began working for the Air Force in 1985 as a realty specialist at the Youngstown Air Reserve Station in Vienna, Ohio.  During the relevant time period, he reported to Ronald Bokan, Chief of Resources for the Civil Engineering Resources Section.

Mr. Randall became convinced that the federal government was surveilling him and that his supervisor (Mr. Bokan) was involved.  On August 28, 2017, Mr. Randall confronted Mr. Bokan, accusing him of directing his thirteen-year-old daughter to drive by Mr. Randall's house to spy on him and asking what kind of car she drove.  Two days later, on August 30, 2017, Mr. Randall approached Mr. Bokan, claiming that one of his packages had been tampered with and allegedly stating that "due to [his] mental anguish, he might shoot someone, he might kill someone."    S. App'x 29.[1] Mr. Bokan promptly contacted Security Forces, who arrived at the scene and ultimately committed Mr. Randall to involuntary medical confinement.  That same day, Mr. Randall was barred from the Reserve Station for two consecutive thirty-day periods and subsequently one year, through October 31, 2018.

---

[1]    Citations to "S. App'x" are to the supplemental appendix filed by the government with its corrected informal response brief.

On January 7, 2018, Mr. Randall was indefinitely suspended because of his ban from the Reserve Station.[2] Thereafter, he declined to undergo a psychiatric fitness evaluation. On June 25, 2018, Mr. Randall was removed from his position for Conduct Unbecoming based on the threats he made on August 30, 2017. Mr. Randall appealed to the Board on July 19, 2018, alleging, inter alia, that he did not tell Mr. Bokan that he might kill someone. The Administrative Judge ("AJ") found Mr. Bokan's testimony more credible than Mr. Randall's, in part because it was consistent with Mr. Bokan's actions directly after the encounter and was corroborated by another witness. The AJ determined that the Air Force had established a nexus between Mr. Randall's misconduct and a legitimate government interest, ultimately affirming his removal. On August 20, 2024, the full Board denied Mr. Randall's petition for review and affirmed the AJ's initial decision. The initial decision became the decision of the Board. Mr. Randall thereafter petitioned this court for review. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## II

This court must affirm a decision of the Board unless it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evi-

---

[2] After Mr. Randall filed a Board appeal challenging his indefinite suspension, he was returned to pay status (though he still remained banned from the Reserve Station). The Board subsequently dismissed Mr. Randall's appeal challenging his indefinite suspension as moot.

dence." 5 U.S.C. § 7703(c). An agency decision is supported by substantial evidence if it is supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). "[T]he Board's credibility determinations are virtually unreviewable on appeal." *Briley v. Nat'l Archives & Recs. Admin.*, 236 F.3d 1373, 1377 (Fed. Cir. 2001) (internal citation and quotation marks omitted).

On petition for review, Mr. Randall primarily alleges that the Board failed to consider relevant facts. Mr. Randall reiterates his argument that he did not threaten anybody on August 30, 2017, urging that Mr. Bokan, the other corroborating witness, and others at the Air Force falsely accused him, and that the Security Forces withheld surveillance audio/video evidence of the exchange that would have shown that he did not threaten to kill anybody. But the Board did not err in its rejection of this theory. And Mr. Randall's disagreement with the AJ's findings of fact and credibility determinations is not a basis for overturning the Board's decision. *See Haebe v. Dep't of Just.*, 288 F.3d 1288, 1299 (Fed. Cir. 2002) ("[T]he [Board] is not free to overturn an administrative judge's demeanor-based credibility findings merely because it disagrees with those findings."). The Board fully considered the testimony of all the witnesses and determined that the testimony of Mr. Bokan and his corroborating witness were more consistent with the record than the testimony of Mr. Randall. We conclude that the Board's determination that Mr. Randall made the alleged threat on August 30, 2017, is supported by substantial evidence, notwithstanding his conclusory statements to the contrary.

Mr. Randall also alleges a violation of the Whistleblower Protection Act, urging that the Air Force conspired to falsely accuse and remove him from service in retalia-

tion to an email he sent in 2016 stating, in reference to RV parking on the base, that "[w]e at Youngstown Air Reserve Station do what we want, when we want, and we answer to no one; I'm only joking." Pet'r's Informal Br. 2. It is undisputed, however, that Mr. Randall failed to raise a whistleblower retaliation complaint before the Board, and we accordingly decline to consider this argument in the first instance on petition for review. *See Bosley v. MSPB*, 162 F.3d 665, 668 (Fed. Cir. 1998).

## CONCLUSION

We have considered Mr. Randall's remaining arguments and find them unpersuasive. We affirm the decision of the Board.

## **AFFIRMED**

### COSTS

No costs.